# Blessing's Estate.

*Executors and administrators—Letters—Residence of decedent—Domicile—Evidence—Finding of fact—Appeal.*

1. A finding of the orphans' court, (on appeal from the register of wills granting letters of administration in Philadelphia), that not only the family or principal residence of decedent, but his sole residence was in Montgomery County, will not be reversed, where members of decedent's family testified that the house owned in Philadelphia, which was alleged to be decedent's family or principal residence, had been boarded up for many years and that, during the last ten years of his life, he and his family had never lived in it.

Argued March 22, 1920. Appeal, No. 205, Jan. T., 1920, by Charles A. Blessing, Jr., Administrator, from decree of O. C. Phila. Co., Jan. T., 1919, No. 572, sustaining appeal from register of wills, in estate of Charles A. Blessing, deceased. Before BROWN, C. J., STEWART, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Appeal from decision of register of wills granting letters of administration in estate of Charles A. Blessing, deceased. Before GEST, J.

The opinion of the Supreme Court states the facts.

The court sustained the appeal and remitted the record to the register of wills with instructions to revoke the letters theretofore granted by him. Charles A. Blessing, Jr., Phila. administrator, appealed.

*Error assigned* was decree of court.

*M. Hampton Todd,* for appellant, cited: Barclay's Est., 259 Pa. 401; Desmare v. United States, 93 U. S. 605; Sun Printing & Pub. Co. v. Edwards, 194 U. S. 377; Winsor's Est., 264 Pa. 552.

*Maurice Bower Saul,* of *Prichard, Saul, Bayard & Evans,* with him *Raymond M. Remick* and *Evans, High, Dettra & Swartz,* for appellee.

PER CURIAM, May 3, 1920:

Letters of administration on the estate of Charles A. Blessing, deceased, were issued to the appellant by the register of wills of Philadelphia County, on the ground that his "family or principal residence" at the time of his death was in that county. On appeal to the orphans' court this was reversed, the conclusion of the hearing judge, approved by the court in banc, being that Glenside, in Montgomery County, was not only the family or principal residence of the deceased, but his only residence. We have reviewed the testimony submitted to the court below and are of opinion that the conclusion reached by it was inevitable. Reference to the testimony in detail is not called for. It is sufficient to say that members of the family of the decedent testified that the house he owned in Philadelphia, and which the appellant claims was his family or principal residence, had been boarded up for many years and that during the last

ten years of his life he and his family had never lived in it.

Appeal dismissed at appellant's costs.